IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. SCHWARTZMILLER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>L. SMITH, ROBERT DILLON, DAVID GONZALEZ, OFFICER HOYT, OFFICER NGO, OFFICER ENTERLINE, CITY OF SAN JOSE POLICE DEPARTMENT, ADAM TOVAR, AND MIGUEL ZARAGOZA HERNANDEZ,<br><br>　　　　Defendants. | No. C 06-3719 JSW (PR)<br><br>**ORDER OF SERVICE AND INSTRUCTIONS TO THE CLERK** |

　　Plaintiff, currently incarcerated at the Santa Clara County Jail in San Jose, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 on an earlier action, which the Court construed as a separate matter and ordered the Clerk to file as such. However, Plaintiff has neither paid the Court's filing fee nor filed an application to proceed *in forma pauperis*. Therefore, Plaintiff is ordered to do so within thirty days of this order, as set forth below.

　　The Court now reviews the amended complaint under 28 U.S.C. § 1915A(a) and orders service of the complaint on the San Jose Police Department Defendants. The Washington State Defendants are now DISMISSED without prejudice from this action, based on the Court's lack of personal jurisdiction over them.

### DISCUSSION

　　Plaintiff's amended complaint alleges that police officers from the San Jose Police Department conspired with officers from the Snohomish County, Washington

Sheriff's office to illegally search, seize and steal his "E250 Ford Econoline Van" after Plaintiff had been arrested. He contends that the search and seizure occurred without his consent and without any lawful basis and that Defendants are responsible for permanently depriving Plaintiff of his van. Plaintiff contends that the search and seizure did not uncover any evidence that was used against him in a criminal case. Plaintiff also challenges the actions of Defendants Dillon, Gonzalez, Tovar and Hernandez, Hoyt, Ngo, Pate and Enterline, in seizing the title to the Ford van and to Plaintiff's Toyota Forerunner SR5 and allowing Defendant Hernandez to retain the vehicle belonging to Plaintiff against his wishes, thereby depriving him of his property. Plaintiff seeks monetary damages.

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Plaintiff's Claims

In this case, Plaintiff has filed a § 1983 action alleging that San Jose Police Department Defendants Dillon, Gonzalez, Tovar, Hoyt, Ngo, Pate, and Enterline, in cooperation with Officers Becker, Dawson and Rochon from the Snohomish County,

Washington Sheriff's Department and Defendant Hernandez acted together to search, seize and retain his two vehicles in violation of his constitutional rights. Liberally construed, his allegations are sufficient to warrant a response.

While Plaintiff apparently seeks to obtain jurisdiction over Washington state Defendants Becker, Dawson and Rochon, he has not asserted a legitimate basis for personal jurisdiction in this Court over these foreign Defendants. Without personal jurisdiction, the Court lacks authority to impose an enforceable judgment against them. *See Burnham v. Sup. Ct.*, 495 U.S. 604, 609-10 (1990). As such, the claims against these Defendants are DISMISSED without prejudice to Plaintiff bringing them in a court where the Defendants are subject to personal jurisdiction.

As to Defendants Dillon, Gonzalez, Tovar, Hoyt, Ngo, Pate and Enterline of the San Jose Police Department, the Court will order service of the complaint. However, additional information is required from Plaintiff in order to proceed against certain of these Defendants. In the complaint, Plaintiff has failed to provide information regarding the first name or initial of San Jose Police Department Officers Hoyt, Ngo, Pate and Enterline and information regarding where service can be effected on Defendant Hernandez. Plaintiff must provide this information to the extent possible to the Court in a pleading within thirty days from the date of this order, in order for the Court to provide the United States Marshall with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2). *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Failure to do so may result in dismissal of the complaint against these Defendants. Plaintiff's complaint fails to set forth any allegations against Defendant L. Smith. As such, Defendant Smith is dismissed from this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has neither paid the filing fee nor filed a motion to proceed *in forma*

*pauperis.*  Within thirty (30) days from the date of this order, Plaintiff shall pay the $350.00 filing fee or shall file the Court's application form, along with all required documentation or notify the Court why he has failed to do so.  Failure to comply with this order may result in the dismissal of this action without prejudice.  The Clerk shall send Plaintiff a copy of the Court's prisoner *in forma pauperis* application.

      2.  The complaint states a cognizable claim against Defendants Robert Dillon, David Gonzalez, Adam Tovar of the San Jose Police Department.  The claims against Defendants Hoyt, Ngo, Pate, Enterline, and Hernandez are sufficient to proceed, but will be stayed pending further identifying information to be provided by Plaintiff.  Defendant Smith is DISMISSED from this action and TERMINATED as a Defendant.

      3.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (docket no. 2) and all attachments thereto with a copy of this order upon: **Defendants Robert Dillon, David Gonzalez and Adam Tovar of the San Jose Police Department.**  The Clerk shall also serve a copy of this order on Plaintiff.

      4.  In order to expedite the resolution of this case, the Court orders as follows:

         a.  No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that he is of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

      <u>**Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**</u>.

      All papers filed with the Court shall be promptly served on the Plaintiff.

4

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed. The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

c. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. Discovery may be taken in accordance with the Federal Rules of Civil

Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

     6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

     7. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

     8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

DATED: April 16, 2007

                                        JEFFREY S. WHITE
                                        United States District Judge